DOUGLAS CAIAFA, ESQ. (State Bar No. 107747)
DOUGLAS CAIAFA, A Professional Law Corporation
11845 West Olympic Boulevard, Suite 1245
Los Angeles, California 90064
(310) 444-5240 - phone
(310) 312-8260 - fax
dcaiafa@caiafalaw.com

CHRISTOPHER J. MOROSOFF, ESQ. (State Bar No. 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive, Suite G
Palm Desert, California 92211
(760) 469-5986 - phone
(760) 345-1581 - fax
cjmorosoff@morosofflaw.com

Attorneys for Plaintiff STEVEN RUSSELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| STEVEN RUSSELL, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 5:15-cv-01143 <br><br> **CLASS ACTION** <br><br> COMPLAINT FOR: <br><br> 1. UNFAIR BUSINESS PRACTICES (California Business & Professions Code §17200 et seq.); <br> 2. FRAUDULENT BUSINESS PRACTICES (California Business & Professions Code §17200 et seq.); <br> 3. UNLAWFUL BUSINESS PRACTICES (California Business & Professions Code §17200 et seq.); and, <br> 4. FALSE ADVERTISING (California Business & Professions Code §17500 et seq.). <br><br> DEMAND FOR JURY TRIAL |

Comes now Plaintiff STEVEN RUSSELL ("RUSSELL" or "Plaintiff"), individually and on behalf of all others similarly situated (collectively referred to as "Class Members"), and for causes of action against Defendants and each of them, based upon personal knowledge, information and belief, and investigation of his counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the named Plaintiff, RUSSELL, who is a citizen of California and a resident of Riverside County, California, and Defendant, KOHL'S DEPARTMENT STORES, INC. (hereinafter "KOHL'S" or "Defendant"), which is a Delaware corporation with its principal place of business in Menomonee Falls, Wisconsin.

2. This Court further has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) because the amount in controversy exceeds the value of $5,000,000, exclusive of interest and costs, because the class consists of 100 or more putative Class Members, and because at least one putative Class Member is diverse from Defendant, a Delaware corporation.

3. This is a civil action brought under and pursuant to the California Business & Professions Code §17200, *et seq*. (the "UCL"), and California Business & Professions Code §17500, *et seq*. (the "FAL").

4. Venue is proper in the Eastern Division of the Central District of California because Defendant transacts business, resides, or is found in this District, Plaintiff resides in Riverside County, California, and the transactions which form the basis of Plaintiff's claims against Defendant occurred in the city of Palm Desert, Riverside County, California.

5. The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise

intentionally avails itself of the California market through the ownership and operation of approximately 116 retail stores within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

## INTRODUCTION

6. This is a class action against Defendant, which owns and operates a chain of clothing stores in California known as Kohl's stores, for falsely advertising original prices, regular prices, and price discounts for its apparel and other merchandise.  In its direct marketing to consumers via in-store advertising displays, print advertising, and via its internet website (www.kohls.com), Defendant advertises, and/or has advertised throughout the period from June 11, 2011, to the present (the "Class Period"), false "original" and/or "regular" prices and false price discounts for its apparel and other merchandise.

## PARTIES

7. Plaintiff STEVEN RUSSELL (hereinafter "RUSSELL" or "Plaintiff") is, and at all times relevant hereto has been, an individual and a resident of Riverside County, California. On approximately 15 occasions throughout the Class Period, Plaintiff purchased products from Defendant's Palm Desert Kohl's store which were falsely advertised as being a certain percentage off a false original or regular price.  The marked original or regular prices for the products which Plaintiff purchased from Defendant were not true original or regular prices, as alleged more fully herein.  Plaintiff purchased products from Defendant throughout the Class Period, including without limitation Defendant's private and exclusive branded products advertised as being available "only at Kohl's," in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, and that he would not otherwise have purchased absent Defendant's false advertising, and Plaintiff has lost money and/or property and has been damaged thereby.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Defendant DEPARTMENT STORES, INC. (hereinafter "KOHL'S" or "Defendant") is a corporation, organized under the laws of the state of Delaware, which is licensed by the

California Secretary of State to conduct business in the state of California, and which does conduct substantial business on a regular and continuous basis in the state of California. Defendant's principal place of business is in Menomonee Falls, Wisconsin.

9. The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants under fictitious names. Plaintiff is informed and believes, and on that basis alleges, that these defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally responsible and liable for the damages of which Plaintiff complains. Plaintiff will seek leave of Court to amend this Complaint to set forth the true names and capacities of all fictitiously-named defendants within a reasonable time after they become known.

## FACTUAL ALLEGATIONS

10. Defendant owns and operates approximately 116 Kohl's stores throughout the state of California.

11. During the Class Period Defendant misrepresented the existence, nature and amount of price discounts by purporting to offer specific percentage and/or dollar discounts from expressly referenced former retail prices, which were misrepresented as "original" or "regular" retail prices. These purported discounts were false, however, because the referenced former retail prices were fabricated and did not represent Defendant's true "original" and/or "regular" retail prices for its apparel and other merchandise. Furthermore, the advertised "original" and/or "regular" prices for Defendant's apparel and other merchandise, including without limitation Defendant's private and exclusive branded products advertised as being available "only at Kohl's," were not the prevailing market retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

12. Plaintiff is informed and believes, and on that basis alleges, that Defendant has not sold any meaningful quantity of its apparel and other merchandise, including without limitation Defendant's private and exclusive branded products advertised as being

available "only at Kohl's," at the purported "original" or "regular" price(s).

13. Plaintiff is informed and believes, and on that basis alleges, that the alleged regular or original prices affixed to each item at Defendant's California Kohl's stores at all relevant times throughout the Class Period were false prices and not true regular or original prices that Defendant had sold any such item for at any time during the three months immediately preceding the date each such item was marked with the alleged regular or original price.

14. Defendant has engaged in a company-wide, pervasive and continuous campaign of falsely claiming that each of its products has previously sold at a far higher original price in order to induce Plaintiff and all others similarly situated to purchase merchandise at a purportedly marked-down "sale" price.  Because such practices are misleading, yet effective, California law prohibits them.

15. The Federal Trade Commission ("FTC") describes false former pricing schemes, similar to Defendant's in all material respects, as deceptive: "One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price." (16 C.F.R. §233.1(a)).

16. California statutory and regulatory law also expressly prohibit false former pricing schemes.  California Business & Professions Code §17501, entitled "Value determinations; Former price advertisements," states: "For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the

offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

17. Plaintiff is informed and believes, and on that basis alleges, that Defendant's false price advertising scheme, disseminated to California consumers via in-store display advertising, print advertising, and internet advertising, has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Defendant's apparel and other merchandise at all of its Kohl's stores throughout California. For example, Defendant's in-store pricing scheme has throughout the Class Period been prominently displayed directly above its apparel and other merchandise, with express references to former "regular" or "original" retail prices that have never existed and/or do not, and/or did not then, currently constitute the prevailing market retail prices for such apparel and/or other merchandise. Further, upon checkout, California consumers, including Plaintiff have received sales receipts continuing the misrepresentations regarding false former prices and false price reductions.

18. Plaintiff is informed and believes and on that basis alleges that tens of thousands, if not hundreds of thousands, of California consumers have been victims of Defendant's deceptive, misleading and unlawful pricing scheme.

19. Defendant knows and has known, should reasonably know, or should have known, that its comparative price advertising scheme is, and has been, false, deceptive, misleading, unfair and/or unlawful under California law.

20. Defendant has fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and others similarly situated the truth about its advertised price discounts and alleged regular and/or original prices.

21. At all times relevant herein, Defendant has been under a duty to Plaintiffs and others

similarly situated to disclose the truth about its former, original, and/or regular prices.

22. The facts that Defendant misrepresented and/or failed to disclose are material facts that a reasonable person would have considered material; i.e., facts that would contribute to a reasonable person's decision to purchase apparel and/or other merchandise offered for sale by Defendant. Defendant's false representations of discounts from former regular or original prices, and false representations of purported savings, discounts and bargains, are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

23. Plaintiff relied upon such false representations of discounts from regular or original prices and false representations of purported savings, discounts and bargains when purchasing apparel and merchandise from Defendant's Kohl's store in Palm Desert, California.

24. Plaintiff and others similarly situated reasonably and justifiably acted and relied to their detriment on Defendant's failure to disclose, and concealment of, the truth about Defendant's false former price advertising scheme in purchasing apparel and other merchandise at Defendant's Kohl's stores throughout California.

25. Defendant intentionally concealed and failed to disclose the truth about its misrepresentations and false former "regular" and/or "original" price advertising scheme for the purpose of inducing Plaintiff and others similarly situated to purchase apparel and other merchandise at each of Defendant's Kohl's stores throughout California.

26. Through its false and deceptive marketing, advertising and pricing scheme, Defendant has violated, and continues to violate, California law which prohibits advertising goods for sale as discounted from former prices which are false, and prohibits misleading statements about the existence and amount of price reductions. Specifically, Defendant has violated, and continues to violate, the UCL, the FAL, the CLRA, and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)), and specifically prohibits false advertisements (15 U.S.C. §52(a)).

27. Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and

injunctive relief under the UCL and FAL to stop Defendant's pervasive and rampant false and misleading advertising and marketing campaign.

**PLAINTIFF'S PURCHASES**

28. Plaintiff purchased numerous products throughout the Class Period, including Defendant's private and/or exclusive branded products, in reliance on Defendant's false advertising and false price comparisons, which he would not otherwise have purchased but for Defendant's false advertising and false price comparison scheme as described herein.

29. With respect to each such purchase, Plaintiff purchased those products from Defendant after viewing and relying on Defendant's advertising which included false discounts and false "regular" and/or "original" comparison prices. Plaintiff is informed and believes, and on that basis alleges, that the "regular" and/or "original" comparison prices, and the corresponding price reductions and/or savings, were false and deceptive. Plaintiff is further informed and believes, and on that basis alleges, that the prevailing retail prices for the items that he purchased from Defendant during the three months immediately prior to each respective purchase were materially lower than the "regular" and/or "original" former prices advertised by Defendant. Plaintiff would not have purchased any such product from Defendant in the absence of Defendant's false, and/or deceptive, and/or misleading advertising, and/or misrepresentations.

30. Immediately after purchasing each such product from Defendant, Defendant provided Plaintiff with a sales receipt containing the same misrepresentations regarding false former prices and price reductions related to the items he purchased. The false former prices were listed on the left-hand margin of the sales receipt as the "item price," with the purported sale price listed on the right-hand margin. In the middle of the sales receipt, between the false former price and the purported sale price, Defendant continued its misrepresentations to Plaintiff by listing an amount that Plaintiff purportedly saved equal to the difference between the false former price and the purported sale price which Plaintiff actually paid. Defendant highlighted this false savings by writing the words

"you save" next to or above the false and/or misleading amount that Plaintiff purportedly saved.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (the "Class" or "Class Members"), namely:

All persons who, while in the State of California, and between June 11, 2011, and the present (the "Class Period"), purchased from KOHL'S one or more items at any Kohl's store in the State of California at a discount of at least 30% off of the stated "original" or "regular" price, and who have not received a refund or credit for their purchase(s). Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of KOHL'S.

32. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

33. Each member of the proposed Class herein has been exposed to Defendant's false and misleading pricing and advertising scheme.

34. Plaintiff is and has been a member of the proposed Class described herein.

35. The number of persons in the proposed Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the proposed Class herein includes over 10,000 persons.

36. Common questions of law and/or fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

37. The common questions of law and/or fact include, but are not limited to:
    a. Whether, during the Class Period, Defendant used false "regular" or "original" price labels and falsely advertised price discounts on its apparel or other merchandise;
    b. Whether, during the Class Period, the "regular" or "original" prices advertised by Defendant were the prevailing market prices for the respective apparel or other merchandise sold by Defendant during the three month periods preceding the dissemination and/or publication of the advertised former prices;
    c. Whether Defendant's use of false or deceptive price advertising constituted false advertising under California law;
    d. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;
    e. Whether Defendant misrepresented and/or failed to disclose material facts about its product pricing and discounts;
    f. Whether Defendant has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;
    g. Whether Defendant's conduct, as alleged herein, was intentional and knowing;
    h. Whether Class Members are entitled to damages and/or restitution; and, if so, what amount of revenues and/or profits Defendant received is and/or was lost by Class Members as a result of the conduct alleged herein; and,
    i. Whether Defendant continues to use false, misleading and/or illegal price comparisons such that an injunction is necessary.
38. Plaintiff's claims and those of all other members of the proposed Class arise out of a common course of conduct by Defendant.
39. The claims of the named Plaintiff in this case are typical of, and not antagonistic to, those of the other Class Members which he seeks to represent. Plaintiff and the Class he seeks to represent have all been deceived (or were likely to be deceived) by Defendant's false regular or original price advertising scheme, as alleged herein.

40. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

41. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

42. The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

43. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the Class Members he seeks to represent.  Plaintiff will fairly and adequately represent and protect the interest of the Class because he is not antagonistic to the Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

44. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class Members' claims.  Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained of herein on an individual basis.  Absent the class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its misdeeds.

45. All Class Members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that "original" or "regular" advertised prices were in existence.  Due to the scope and extent of Defendant's consistent false price advertising scheme, disseminated in a massive, years-long campaign

to California consumers via in-store display advertising, internet advertising and print advertising, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class. In addition, it can be reasonably presumed that all Class Members, including Plaintiff, affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing apparel and/or other merchandise at each and any of Defendant's Kohl's stores in California.

46. Plaintiff is informed and believes, and on that basis alleges, that Defendant keeps extensive computerized records of its customers through, inter alia, customer loyalty programs, email lists, and general marketing programs. Plaintiff is informed and believes, and on that basis alleges, that Defendant has one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

47. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 46 of this Complaint.

48. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

49. A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

50. Defendant has violated the "unfair" prong of the UCL by representing a false "original"

and/or "regular" prices and corresponding price discounts for its apparel and other merchandise where Defendant, in fact, inflated the purported "original" and/or "regular" prices for such products such that the promised discount was false, misleading and deceptive.

51. These acts and practices were unfair because they caused Plaintiff, and were likely to cause consumers, to falsely believe that Defendant is, and has throughout the Class Period been, offering value, discounts or bargains from the prevailing market value or worth of the products sold that did not, in fact, exist. As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception has induced reasonable purchasers, including Plaintiff, to buy such products, which they otherwise would not have purchased.

52. The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code §17200, *et seq*.

53. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /

/ / /

/ / /

/ / /

-13-
COMPLAINT

## SECOND CAUSE OF ACTION

## FRAUDULENT BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

54. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 53 of this Complaint.

55. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

56. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

57. Defendant's marketing and advertising materials concerning false "original" and/or "regular" prices, including, but not limited to, its in-store advertising displays, print advertising, and internet website advertising, were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive members of the Class, into believing that Defendant was offering value, discounts or bargains from the prevailing market value or worth of the products sold that did not, in fact, exist. As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendant's Kohl's stores in California, which they otherwise would not have purchased.

58. Defendant's acts and practices as described herein have deceived Plaintiff and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase apparel and other merchandise at Defendant's Kohl's store, Plaintiff relied on Defendant's misleading and deceptive representations regarding its "original," "regular," and "sale" prices. Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items in the

absence of Defendant's misrepresentations.  Accordingly, Plaintiff suffered monetary loss as a direct result of Defendant's practices described herein.

59. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

60. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## THIRD CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES

(California Business & Professions Code §17200 *et seq*.)

(By Plaintiff on behalf of himself and all others similarly situated, and the general public)

61. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 60 of this Complaint.

62. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

63. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

64. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and specifically prohibits false advertisements.  15 U.S.C. §52(a)).  The FTC has established Guidelines that describe false former pricing schemes, similar to Defendant's in all material respects, as deceptive practices that would violate the FTCA:

    (a)    One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

    (b)    A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. §233.1.

65.    California statutory and regulatory law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code §17501, entitled "*Value determinations; Former price advertisements*," states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price

-16-
COMPLAINT

did prevail is clearly, exactly and conspicuously stated in the advertisement.

66. Cal. Civ. Code §1770(a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and Civ. Code §1770(a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

67. Defendant's use of and reference to a materially false "original" or "regular" price, or purported discounts of a specified percentage "off," in connection with its marketing and advertisements concerning its apparel and other merchandise violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Guidelines published at Title 16, Code of Federal Regulations, §233. It also violated and continues to violate Cal. Bus. & Prof. Code §17501, and Cal. Civ. Code §§1770(a)(9) and (a)(13) by advertising false discounts from purported former original and/or regular prices that were, in fact, not the prevailing market prices within three months next preceding the publication and dissemination of advertisements containing the false former prices.

68. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

69. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

///
///
///
///

## FOURTH CAUSE OF ACTION

## FALSE ADVERTISING

(California Business & Professions Code §17500 *et seq.*)

<u>(By Plaintiff on behalf of himself and all others similarly situated, and the general public)</u>

70. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 69 of this Complaint.

71. The California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

72. Defendant's practice of advertising "original" and/or "regular" sales prices associated with its apparel and other merchandise, which were materially greater than the true prevailing prices of those products was an unfair, deceptive and misleading advertising practice because it gave the false impression that the products sold by Defendant regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were. In fact, the apparel and other merchandise sold by Defendant at its Kohl's stores in California did not have a prevailing market price anywhere close to the "original" or "regular" price advertised.

73. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the FAL, and/or from violating the FAL in the future. Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /
/ / /
/ / /
/ / /
/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of all members of the proposed Class herein, prays for judgment against Defendants as follows:

1. An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

2. A judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described herein.

3. An order enjoining Defendant from continuing to violate the UCL and/or FAL as described herein, and/or an order enjoying Defendant from violating the UCL and/or FAL in the future.

4. A judgment awarding Plaintiff her costs of suit; including reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5 and as otherwise permitted by statute; and pre- and post-judgment interest; and,

5. For such other and further relief as the Court may deem necessary and/or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all claims so triable.

Dated: June 11, 2015                                LAW OFFICE OF CHRISTOPHER J. MOROSOFF

By: _____
CHRISTOPHER J. MOROSOFF
Attorneys for Plaintiff