## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **ED CV 15-1143 RGK (SPx)** | Date | April 11, 2016 |
|---|---|---|---|
| Title | ***Steven Russell v. Kohl's Department Stores, Inc*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification (DE 63)**

## I.     INTRODUCTION

On August 14, 2015, Steven Russell ("Russell") and Donna Caffey ("Caffey") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated ("Class Members"), filed a First Amended Complaint ("FAC") against Kohl's Department Stores, Inc. ("Defendant"). Plaintiffs allege the following claims: (1) unfair, fraudulent, and unlawful business practices in violation of California Business & Professions Code § 17200 *et seq.* ("UCL") and (2) false advertising in violation of California Business & Professions Code § 17500 *et seq.* ("FAL").

On October 6, 2015, the Court denied Defendant's Motion to Dismiss.

On December 4, 2015, the Court granted Plaintiffs' Motion for Class Certification but only as to a class seeking injunctive relief not monetary relief.

Presently before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification. For the following reasons, the Court **GRANTS** Plaintiffs' motion.

## II.     FACTUAL BACKGROUND

### A.     Basis for the Claim

Plaintiffs allege the following facts:

Defendant is a large national retailer that owns and operates approximately 116 retail stores within California. Russell purchased products from Defendant on approximately 15 occasions

throughout the Class Period[1]. Caffey purchased products from Defendant on over 10 occasions throughout the Class Period.

Each item that Defendant offers for sale in its stores displays two prices: (1) the selling price and (2) a significantly higher price that is represented to be the item's "regular" or "original" price ("Actual Retail Price" or "ARP"). By simultaneously displaying these two prices, Defendant leads consumers to believe that they are receiving a certain discount. Plaintiffs and Class Members were each confronted with these ARPs on the items they purchased from Defendant. Plaintiffs reasonably believed that the ARPs represented the price at which Defendant regularly sold each respective item, and that they were receiving a significant discount.

Plaintiffs allege that the ARPs affixed to each item at Defendant's California stores throughout the Class Period were false prices and not true ARPs for Defendant's merchandise. Plaintiffs also allege that the advertised ARPs were not the prevailing market retail prices within the three months immediately preceding the publication of the advertised ARPs, as required by California law. Therefore, Plaintiffs argue, Defendant falsely claims that each of its products has previously sold at a far higher ARP in order to induce Plaintiffs and Class Members to purchase merchandise at a purportedly marked down "sale" price.

Plaintiffs were exposed to Defendant's comparative price advertising and each relied upon such false representations of discounts when purchasing merchandise from Defendant. Plaintiffs were deceived and misled into buying products from Defendant that they would not have purchased if not for Defendant's false advertising. Plaintiffs lost money and/or property as a result thereof.

### B.    The Settlement Terms

The proposed class consists of:

> All persons who, while in the State of California, and between June 11, 2011, and the present (the "Class Period"), purchased from Kohl's one or more items at any Kohl's store in the State of California at a discount of at least 30% off of the stated "original" or "regular" price, and who have not received a refund or credit for their purchase(s).

The Settlement provides that Defendant will make available a fixed sum of $6,150,000.00 ("Monetary Component") for the benefit of the class. The Monetary Component will be deposited into a qualified settlement fund ("QSF"). In addition to the Monetary Component, the Settlement Agreement also calls for Injunctive Relief in the form of changes to Defendant's price-comparison advertising policies. Defendant also agreed to enhance and expand programs designed to promote legal compliance including enhanced pricing compliance computer systems and pricing compliance training for employees in the relevant buying office.

Individual Claimants will receive their share of the Monetary Component as a Gift Card Credit redeemable for purchases at any Kohl's store. The Gift Cards are fully transferrable, have no expiration date, and need not be used in full at any time. Claimants will have ninety days from the date of Notice to submit a Claim Form either electronically or by mail to the Administrator. Following the Settlement Effective Date, Gift Cards will be made available to Claimants through a reasonable and cost-effective process to be designed by the parties with the assistance and cooperation of the Administrator and

---

[1]The Class Period is the period from June 11, 2011 to the present.

approved by the Court.

Class counsel retained KCC LCC ("KCC") to serve as Claims Administrator. KCC will establish a toll free number and web address from which Settlement Class Members can obtain information about the Settlement. Within 30 days following preliminary approval, KCC will send Email Notice to the approximately five million Settlement Class Members for whom the parties have an email address. Within 50 days following preliminary approval, KCC will send a Post-Card Notice to the approximately two million Settlement Class Members for whom the parties have only a physical address but no email address. Within 10 days of the Email and Post-Card Notices, KCC will commence and additional publication notice plan tailored to reach those Settlement Class Members for whom the parties lack any contact information.

Settlement Class Members who do not opt out will be deemed to have released Defendant from claims related to this litigation.

### C.   <u>Allocation of Funds</u>

As explained above, Defendant will make available a fixed sum of $6,150,000 for the benefit of the class. Subject to Court approval, this Monetary Component will be allocated as follows:

1. Settlement Administration Costs not to exceed one million dollars ($1,000,000 total)

2. Reasonable Attorneys' Fees and Costs not to exceed 25% of the Class Settlement Amount ($1,537,500 total)

3. Class Representative Enhancement Payment not to exceed $7,500 for each representative ($15,000 total)

4. Assuming the Court awards all the figures recited above, $3,597,500 would remain to be disbursed among the Settlement Class Members. The individual amount for each claimant will depend on the number of claimants, but Defendants' counsel estimates an average of $20 or more in Gift Card Credit for each class member.

## III.   <u>JUDICIAL STANDARD</u>

### A.   <u>Conditional Certification</u>

Before a court may evaluate a class settlement, the court's "dominant concern" is whether the settlement class passes muster under Federal Rule of Civil Procedure 23 subsections (a) and (b). *Anchem Prod. v. Windsor*, 521 U.S. 591, 621 (1997). This inquiry receives "undiluted, even heightened, attention in the settlement context." *Id.* at 620. Thus, a court must be satisfied that the class meets each of the four prerequisites for certification established by Rule 23(a).

The court must also be satisfied that a plaintiff seeking class certification satisfies one of the three requirements of Rule 23(b) regarding predominant questions of facts and law. *See Valeo v. Carter-Wallace, In*c., 97 F.3d 1227, 1234 (9th Cir. 1996).

### B.   <u>Preliminary Approval of the Settlement</u>

A class action may not be dismissed, compromised, or settled without court approval. Fed. R. Civ. P. 23(e). Such approval of a class action settlement by a district court must follow a determination that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement agreement meets these standards, courts must consider a number of factors, including:

(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

## IV.   DISCUSSION

Plaintiffs request that the Court preliminarily approve the proposed settlement of this California consumer class action with Defendant. Before the Court can preliminarily approve a class action settlement, it must preliminarily certify the proposed settlement class. Fed. R. Civ. P. 23(e). The Court may conditionally certify the class only if Plaintiffs demonstrate that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) has been met. The Court addresses both requirements.

### A.   Conditional Certification

This Court has previously certified a class for injunctive relief and found that all requirements under Rule 23(a) were satisfied. (Order Granting in Part Class Certification, ECF No. 52; Order Denying Mot. For Reconsideration, ECF No. 57.) In the same Order, however, the Court declined to certify a class for monetary relief under Rule 23(b)(1) or (b)(2). Plaintiffs now seek conditional certification of a class for monetary relief under Rule 23(b)(3). Because in this case conditional certification for settlement purposes is unopposed and involves different considerations than certification for trial, the Court will review its appropriateness.

The Court concludes that conditional certification is appropriate for purposes of settlement based on the following.

#### 1.   *Rule 23(b)(3)*

As explained above, the Court has already determined that the proposed class satisfies the requirements of Rule 23(a). All that remains is an analysis of Rule 23(b)(3), which provides that a class may be certified if "the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods."

##### a.   *Predominance of Common Issues*

The predominance inquiry focuses on the relationship between the common and individual issues. *Hanlon*, 150 F.3d at 1022. "'When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.'" *Id.*

In this case, common questions predominate as to Defendant's alleged deceptive price-comparison advertising in its stores. Because the proposed Settlement Class is comprised of consumers who purchased items that had been labeled with the allegedly fraudulent price-comparison labels, it follows that resolution of the issues in this case would apply to all Class Members. Accordingly, the Court finds that, for the purposes of settlement, the predominance requirement of Rule 23(b)(3) is satisfied.

##### b.   *Superiority Over Other Available Methods*

The superiority inquiry under Rule 23(b)(3) requires "determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. This determination necessarily inquires whether alternative mechanisms exist to resolve the dispute. *Id.* Class actions not only serve to permit litigation of a suit involving common questions when there are too many plaintiffs for proper joinder, but they also "permit the plaintiffs to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

Here, as stated above, common questions predominate over individual questions and, therefore, a class action is clearly a superior vehicle for the resolution of these issues, avoiding the prospect of millions of individual lawsuits. Accordingly, the superiority requirement of Rule 23(b)(3) is met.

## B.    **Preliminary Approval of Settlement**

In determining whether to preliminarily approve a class action settlement, the Court must examine the submitted materials and determine whether the proposed settlement appears fair on its face and is appropriate for submission to the Class Members.

This Settlement is the result of informed, arms-length negotiations between the parties after engaging in litigation of the matter, including document review and numerous depositions. Class Counsel evaluated the various consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the proposed Settlement in this Action. (Morosoff Decl. ¶¶8-10, ECF No. 63.) Furthermore, Class Counsel are experienced litigators who are qualified to represent the Class members. (Morosoff Decl. ¶¶1-6; Caifa Decl. ¶¶1-4; Speyer Decl. ¶1-5, ECF No. 63.)

Defendant agrees to Class Certification for purposes of achieving the Settlement. In addition to implementing pricing policy changes, Defendant agrees to pay over $6 million dollars into the qualified settlement fund. The Monetary Component will be broken down as explained above. After careful review of argument and evidence in support of the amount requested, the Court finds that preliminary approval of the class settlement is appropriate.

## C.    **Proposed Notice Plan**

Rule 23(e) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). In addition, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill.,* 361 F.3d at 575 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)); *see also Rodriguez v. West*, 563 F.3d 948, 962 (9th Cir. 2009).

Here, the Notice Plan includes several ways to reach proposed Class Members, including an information website, direct mailing, direct emails, and a toll-free help line. Furthermore, the proposed Notice provides details sufficient to explain the terms of the Settlement Agreement and provide information to Class Members about their rights, releases, and application deadlines. The Notice informs Class Members of how funds will be allocated, and how Residual Funds will be handled. Class Members are also put on notice of Attorneys' Fees and Expenses awarded and an Incentive Award to the Class Representative. Finally, the Notice plainly indicates the time and place of the hearing to consider approval of the settlement and the method of objecting to or opting out of the settlement.

Based on the above facts, the Court approves the proposed Notice Plan.

## IV.   <u>CONCLUSION</u>

The Court finds that, for the purposes of settlement, the proposed Settlement Class meets the requirements under Rule 23 Sections (a) and (b), and **GRANTS** Plaintiff's Motion for Conditional Certification of the Settlement Class.

The Court finds that the proposed Settlement Agreement appears to be fair and reasonable on its face, and thereby **GRANTS** Plaintiff's Motion for Preliminary Approval of the Settlement Agreement.

The Court finds the proposed Notice is sufficiently balanced, accurate, and informative way to satisfy due process concerns and **APPROVES** the proposed Notice Plan.

_____ : _____

Initials of
Preparer        _____