UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RUSSELL, et al. | Case No. 5:15-cv-01143-RSK-SP |
| Plaintiffs, | CLASS ACTION |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., et al., | |
| Defendants. | |

### OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class member and objector, Anne Card whose address is 1158 Quail Ridge, Irvine, CA, ("hereinafter Objector") objects to the class action settlement. She purchased merchandise at a Kohl's Department Store in California on or about a place and time as stated in the online claim. She also submitted a claim form with a claim number of KHR-17102131-2. She is a class member and does not intend on attending the fairness hearing.

### This Settlement is a Coupon Settlement

Despite what words that class counsel wants to use to describe the class's recovery, the Gift Card Credit is still a coupon under the Class Action Fairness Act of 2005. A Gift Card Credit is non-cash relief for the class. It is not the same as cash and it should not be treated the same as cash. As a matter of law, "compensation in kind is worth less than cash of the same nominal value." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir.2006).

The parties could have agreed to provide the class with cash, but instead chose to force the class to do business with Kohl's. Though the settlement allows the coupon to be "fully transferable, stackable and may be used in connection with any promotional discount(s) that are otherwise available with the use of Gift Cards," it is still a coupon. Amended Settlement Agreement p. 5. Class counsel wants this Court to believe that "the Gift Card Credits here are an alternative to cash, and are not "coupons" within the meaning of CAFA." Dkt 63-1. This is simply not the case.

The Court should look at the plain meaning of the word coupon to determine if a Gift Card Credit is a coupon. Meriam Wester defines coupon as:

1. a statement of due interest to be cut from a bearer bond when payable and presented for payment; also :  the interest rate of a coupon
2. a form surrendered in order to obtain an article, service, or accommodation: as

    a :  one of a series of attached tickets or certificates often to be detached and presented as needed

    b :  a ticket or form authorizing purchases of rationed commodities

    c :  a certificate or similar evidence of a purchase redeemable in premiums

    d :  a part of a printed advertisement to be cut off to use as an order blank or inquiry form or to obtain a discount on merchandise or services

available at http://www.merriam-webster.com/dictionary/coupon.

Thus, within the plain meaning of the word coupon, the Gift Card Credit falls into the category of coupon.  It is a form surrendered in order to obtain an article, service, or accommodation.  Class members will utilize the card in order to make additional purchases with the Defendant.

Class counsel acts as if this coupon aspect of this settlement is similar to *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015).   However, the very first reason that the Court of Appeals gave as to CAFA's coupon-settlement provisions should not apply was because the "claimants could choose between gift cards and cash." *Id*. at 952.  Here, class members have no choice.  Their only option is a shop again at Kohl's to receive any value of the settlement.

With the proposed distribution of Gift Card Credits, class members are forced to do business with the same company that defrauded them.  The Defendant will profit from this settlement.  "Couponing is an important retail marketing strategy, and believed to confer a number of advantages on a retail seller, such as breaking routine shopping patterns to use a coupon, re-activating old customers, and building up store traffic which will result in more impulse buying."  *Redman v. RadioShack Corp.*, 768 F.3d 622, 631 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015).

The Court should consider such attributes of the coupon such as if they could be used to purchase any product from defendant, are freely transferable and the expiration date in determining the value to the class, but the Court cannot ignore the fact the class will receive coupons.  The Court should evaluate the settlement as though the Gift Card Credits are coupons.

The Settlement Is Valued Too High

Even if this Court were to determine that the settlement is not a coupon settlement, the Court still must determine what the class is likely to receive.  In every class settlement, a certain percentage of people will never use their credit or voucher. The Court should take

this into consideration and evaluate the settlement accordingly. The Court should require the parties to produce some documentation as to what value Kohl's is receiving. They will be getting people to come back to their store. The Court should take this benefit into consideration.

<u>Unreasonable Attorney's Fees</u>

Because the Gift Card Credits are CAFA coupons, the attorney's fees attributable to the credits can only be awarded as a percentage of those redeemed. 28 U.S.C. § 1712(a)12. CAFA requires a district court to base "the portion of any attorney's fee attributable to the award of coupons" on "the value to class members of the coupons that are redeemed." 28 U.S.C. §1712(a). *Cf. also* Thomas A. Dickerson, *Class Actions: The Law of 50 States* §9.03[1], at 9-39 to 9-40 (2005) ("In evaluating the merit of a non-cash settlement, the only proper means of measuring true value is by estimating the actual redemption rate."). Thus, the Court should not award attorney's fees until it has determined the actual value of the coupons to the class.

Date: 8-8-16

I hereby personally attest that I have discussed this objection with my attorney and agree with its contents.

Objector

_____
Anne L. Card

/s/ Matthew Kurilich

By: _____

Matthew Kurilich

*Attorney for Objector*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on 8-8-16 and served by the same means on all counsel of record.

/s/ Matthew Kurilich